IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,427




EX PARTE MARVIN WADDLETON, III, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 241-0085-06 IN THE 114TH DISTRICT COURT
FROM SMITH COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault of a public servant and sentenced to life imprisonment. His direct appeal was dismissed by
the Twelfth Court for want of jurisdiction. Waddleton v. State, No. 12-06-00121-CR (Tex.
App.–Tyler, Jun. 7, 2006, no pet.) (unpublished). 
            Applicant contends, inter alia, that his counsel rendered ineffective assistance because the
notice of appeal did not include the certification of applicant’s right of appeal, which resulted in the
appeal being dismissed for want of jurisdiction. 
            The trial court has determined that applicant was denied his right to appeal due to no fault
of his own and he should be granted an out-of-time appeal. We find, therefore, that Applicant is
entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No.
241-0085-06 from the 114th Judicial District Court of Smith County. Applicant is ordered returned
to that time at which he may give a written notice of appeal so that he may then, with the aid of
counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been
imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues.
 
Delivered: September 29, 2010
Do Not Publish